# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURO MARTINEZ MUNOZ,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | Case No. CV 17-4914 AFM<br><br>**MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying his applications for disability insurance benefits and supplemental security income. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. This matter now is ready for decision.

## BACKGROUND

On January 31, 2014 and February 27, 2014, Plaintiff filed applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") alleging disability beginning November 30, 2012. (Administrative Record ("AR") 247-64.) His applications were denied initially and upon reconsideration. (AR 129-32, 137-41.)

Plaintiff appeared with counsel at hearings before an Administrative Law Judge ("ALJ") on March 18, 2016. (AR 55-90.) Plaintiff testified with the assistance of an interpreter. A vocational expert ("VE") also testified.

On April 25, 2016, the ALJ issued a decision denying benefits and finding Plaintiff not disabled. (AR 42-43.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since November 30, 2012, and had the following severe impairments: disc desiccation and degenerative changes of the lumbar spine, meniscal tears of the left knee, status post arthroscopic surgery, and obesity. (AR 36-37.) The ALJ further found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (AR 37.)

After consideration of Plaintiff's subjective symptom testimony and the medical evidence, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that he was limited to occasional climbing, kneeling, and crawling, and frequent balancing, stooping, and crouching. (AR 38.) The ALJ concluded, "the medical record does not reasonably support the imposition of greater limitations." *Id.* After finding that Plaintiff's RFC did not permit him to perform his past relevant work as a warehouse worker and forklift driver, the ALJ (based on the VE's testimony) found that Plaintiff could perform other work as a small parts assembler, produce sorter, or housekeeping cleaner. (AR 41-42.) The ALJ concluded that Plaintiff had not been under a disability as defined by the Social Security Act at any time from November 30, 2012 through the date of the ALJ's decision. (AR 42.)

On May 15, 2017, the Appeals Council denied review, rendering the ALJ's decision the final decision of the Commissioner. (AR 1-6.)

**DISPUTED ISSUES**

I. Whether the ALJ erred by finding plaintiff had the residual capacity to perform light work.

II. Whether the ALJ improperly rejected the opinions of Plaintiff's treating physicians and accorded too much weight to the opinions of the state agency medical consultants.

III. Whether the ALJ erred in not giving full weight to Plaintiff's testimony.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. The Court reviews the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *See Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Garrison,* 759 F.3d at 1010; *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008); *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Even when an ALJ's decision contains error, it must be affirmed if the error was harmless. *Treichler*, 775 F.3d at 1099.

## DISCUSSION

**I. THE ALJ'S RFC FINDING**

Plaintiff contends that the ALJ failed to consider evidence that Plaintiff's knee issues were greater than *de minimis* and that the ALJ failed to consider the entirety of the medical record. Plaintiff further argues that the RFC assessment is vague, conclusory, and not supported by the medical record evidence.

An RFC assessment is an "administrative finding" that is reserved to the Commissioner. *See* 20 C.F.R. § 404.1527(e)(2). RFC is a summary of what a

claimant can still do despite existing exertional and nonexertional limitations. *See* 20 C.F.R. § 404.1545(a)(1)*; Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009*).* In determining a claimant's RFC, an ALJ must assess all the relevant evidence to determine what capacity the claimant has for work despite his or her impairment or impairments. *See* 20 C.F.R. § 404.1545(a)(1)*.* In making the RFC determination, the ALJ takes into account those limitations for which there is record support that does not depend on claimant's subjective complaints. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir. 2004). An ALJ's conclusion must be upheld when the evidence is susceptible to more than one rational interpretation. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

In determining Plaintiff's impairments, the ALJ concluded that Plaintiff's total impairments did not qualify as completely disabling. (AR 36-40.) Regarding the nature of Plaintiff's knee issues, the ALJ considered the entire medical record, including the inconsistent presentations, a lack of clinical support, and a shift of complaints from Plaintiff's right knee to his left. (AR 38.) The ALJ acknowledged that imaging studies by Plaintiff's treating physicians showed the presence of effusion and evidence of a meniscal tear in the right knee. Plaintiff underwent arthroscopic debridement surgery for his right knee, which resulted in limited and contradicted medical reports of an antalgic gait, crepitus, positive McMurray tests, motor weakness, swelling, and pain at first. *Id*. The ALJ noted eventual post-surgical pain relief in Plaintiff's right knee, an increase in reports of normal gait, and a lack of significantly related clinical findings that support a more severe RFC. *Id.* The pain then transferred to Plaintiff's left knee, yet imaging studies of that knee found unremarkable results. *Id*.

The ALJ also noted that imaging studies of Plaintiff's back showed only mild degenerative changes and no motor, sensory, or reflex loss. (AR 39.) The ALJ cited the reported absence of an antalgic gait and the surgical consultant's recommendation against surgery based on the study. *Id*. The ALJ considered Plaintiff's admissions to

treating sources that his back pains have been intermittent. *Id*. In all, Plaintiff's back issues were too limited to warrant more significant limitations in the RFC.

The evidence cited and considered in the ALJ's decision constitutes specific and substantial evidence in support of the RFC determination. Therefore, this Court may not substitute its own judgment, and the ALJ's RFC must be upheld. *See Ryan*, 528 F.3d at 1198 ("Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld.") (citation and internal quotation marks omitted); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) ("If the evidence can support either affirming or reversing the ALJ's conclusion, [the reviewing court] may not substitute [its] judgment for that of the ALJ").

## II. THE ALJ'S CONSIDERATION OF THE OPINIONS OF PLAINTIFF'S TREATING PHYSICIANS AND THE SAMCS

Plaintiff contends that the ALJ erroneously rejected the opinions of treating physicians Drs. Jill E. Gorze and Michael T. Nguyen. Plaintiff further contends that the ALJ erroneously gave too much weight to the opinions of the nonexamining state agency medical consultants ("SAMCs"). *Id.* Specifically, Plaintiff contends that the ALJ did not give legitimate reasons to reject Dr. Gorze's opinion, the ALJ failed to mention or consider Dr. Nguyen's opinion, and the SAMCs' opinions were accorded too much weight.

"Although a treating physician's opinion is generally afforded the greatest weight in disability cases, it is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability." *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). An ALJ who sets forth sufficient specific and legitimate reasons supported by substantial evidence may give reduced weight to a treating physician's opinion where there is a conflict between that opinion and the opinions of other physicians. *See Id.; Carmickle v. Comm'r Soc. Sec. Admin.*, 553 F.3d 1155, 1164 (9th Cir. 2008), *Valentine*, 574 F.3d at 692. "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting

clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F2.d 747, 751 (9th Cir. 1989). In addition, an "ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (internal quotation marks and citation omitted.)

### A. Dr. Gorze's Opinion

In September, 2015, Dr. Gorze completed a medical questionnaire based on an imaging study of Plaintiff's back in which she diagnosed Plaintiff as having a "L3-4 minimal central protrusion without significant spinal canal or neural foraminal narrowing. Otherwise, unremarkable." (AR 1626.) Based on this study, she concluded that it was a medical necessity for Plaintiff to perform his job from a seated position for less than an hour and from a standing position for no more than two hours in an eight-hour workday. (AR 1628.) She also opined that Plaintiff must stand from a seated position every twenty minutes for five to ten minutes at a time before sitting down again. (*Id.*) According to Dr. Gorze, Plaintiff could only be expected to frequently lift or carry up to five pounds and occasionally lift or carry up to twenty pounds. (*Id.*) Dr. Gorze further concluded the stress of a competitive work environment would make Plaintiff's symptoms worse, he would frequently experience pain that would interfere with attention and concentration throughout a workday, and he would need to take unexpected breaks throughout an eight workday for ten to fifteen minutes at a time. (AR 1629.) Finally, Dr. Gorze opined Plaintiff would be absent from work more than three times per month due to these issues. (AR 1630.)

The ALJ did not afford significant weight to Dr. Gorze's opinion. (AR 40.) In particular, the ALJ found that Dr. Gorze's opinion exhibited a "fundamental disconnect between her extremely limiting assessment and the objective findings used in support of her conclusions." (AR 40.) The ALJ pointed out that Dr. Gorze's

conclusory opinion was based on a single imaging study, but was not supported by any other diagnostic findings, clinical findings, or reasoning. (*Id.*) According to the ALJ, Dr. Gorze's *de minimis* findings were "not remotely consistent with the level of functional limitations she claims." (*Id.*) This finding is supported by substantial evidence and is a legitimate reason for giving little weight to the opinion of Dr. Gorze. *See Batson*, 359 F.3d at 1195 ("an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole,… or by objective medical findings"); *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings"); *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (because a treating physician's "recommendations were so extreme as to be implausible and were not supported by any findings made by any doctor," the opinion was adequately made non-controlling). As further developed below, Dr. Gorze's findings also conflicted with the SAMCs' findings based on the same imaging study and other relevant medical record evidence. *See Tonapetyan*, 242 F.3d at 1148. (ALJ who sets forth sufficient specific and legitimate reasons supported by substantial evidence may give reduced weight to a treating physician's opinion where there is a conflict between that opinion and the opinions of other physicians.)

Because the ALJ provided sufficient specific and legitimate reasons supported by substantial evidence, he did not err in his assessment of Dr. Gorze's opinion.

**B. Dr. Nguyen's Opinion**

The ALJ also considered the opinion of another treating physician, Dr. Nguyen. While the ALJ's decision did not specifically name Dr. Nguyen in the decision, the case law does "not require such an incantation," because reviewing courts may draw specific and legitimate inferences from the ALJ's opinion. *Magallanes*, 881 F.2d at 755. In this regard, the decision refers to "treating medical sources" and discusses opinions offered in response to email requests by Plaintiff.

(AR 39.) In context, that is a clear reference to Dr. Nguyen's opinion given shortly after Plaintiff's 2013 right knee surgery. Dr. Nguyen determined that Plaintiff's immediate post-surgery activities should be limited for one month as follows: never stand, walk, climb stairs, or climb ladders. Dr. Nguyen also provided temporal extensions on this limitation at Plaintiff's request. (AR 1166, 1200-01.)

The ALJ rejected Dr. Nguyen's opinion because it was given at the request of Plaintiff without any clinical or diagnostic evidence to support it. (AR 39.) That was proper and supported by substantial evidence. *See Tonapetyan*, 242 F.3d at 1149 (physician's opinion may be properly discounted if it is based on the claimant's subjective complaints and testing within the complainant's control). It was brief, conclusory and clinically unsupported, and did not warrant a disability determination. *See Bray*, 554 F.3d at 1228; *Batson*, 359 F.3d at 1195; *Thomas*, 278 F.3d at 957. Accordingly, the ALJ did not err in rejecting Dr. Nguyen's opinion.

**C.  The SAMC's Opinions**

Opinions of non-treating physicians may serve as substantial evidence when consistent with independent clinical findings or other evidence in the record. *See Thomas*, 278 F.3d at 958-59. An ALJ is required to evaluate the opinion of a non-treating physician, reference specific evidence in the medical record, and explain the weight to which it was entitled. *See Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). Thus, a nonexamining physician opinion "need not be discounted and may serve as substantial evidence when they are supported by other evidence in the record and are consistent with it." *Andrews v. Shalala*, 53 F.3d 1035 1041 (9th Cir. 1995). The ALJ must give specific and legitimate reasons based on substantial evidence for rejecting the opinion of a treating physician based in part on the testimony of a nonexamining medical advisor. *See Andrews*, 53 F.3d at 1043; *Magallanes*, 881 F.2d at 752-53.

Dr. Lizarraras analyzed medical record evidence of Plaintiff's medical check-ups, procedures, and clinical tests from February 2012 to March 2014. (AR 93-94,

8

101-102.) He reported that Plaintiff had severe disorders of muscle, ligament and fascia, severe osteoarthrosis and allied disorders, and non-severe thyroid gland disorders (except malignant neoplasm). (AR 94, 102.) He attributed partial credibility to Plaintiff's testimony and complaints and opined that Plaintiff could occasionally kneel and lift up to twenty pounds; frequently crouch and lift ten pounds; and stand, walk, and sit for six out of eight work hours. (AR 95, 96, 103, 104.) Based on these factors, Dr. Lizarraras determined Plaintiff's RFC should be light work and not disabled. (AR 97-98, 105-06.)

The ALJ also afforded weight to Dr. Scott, in assessing Plaintiff's claims. (AR 38, 109-116, 117-124.) Dr. Scott reviewed medical record evidence of Plaintiff's medical check-ups, procedures, and clinical tests from February 2014 through April 2014. (AR 111, 119.) He made the same assessments of Plaintiff's condition, credibility, physical abilities, recommended RFC, and disability status as Dr. Lizarraras. (AR 109-124.)

The ALJ properly assessed the opinions of Dr. Lizarraras and Dr. Scott as consistent with the medical record. As stated in the ALJ's decision, the SAMC opinions were "consistent with and well supported by the medical record, when considered as a whole." (AR 38.). The ALJ then reviewed the medical record in detail and explained why that record did not reasonably support greater limitations than those found in the SAMC opinions. These findings were supported by substantial evidence, and it was within the prerogative of the ALJ to resolve any conflicts and ambiguities in the record in this manner. *See Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 601 (9th Cir. 1999) ("Where medical reports are inconclusive, questions of credibility and resolution of conflicts in the testimony are functions solely of the [Commissioner]."). Thus, the SAMC's opinions – with support from other evidence in the record as cited in the decision – were properly relied on the ALJ in his disability determination. *See Andrews*, 53 F.3d at 1041.

## III. THE ALJ'S ADVERSE CREDIBILITY DETERMINATION

Where a claimant has presented evidence of an underlying impairment and the record is devoid of affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's subjective symptom statements must be "specific, clear and convincing." *Burrell v. Colvin*, 775 F.3d 1133, 1136 (9th Cir. 2014) (quoting *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012)). "General findings [regarding a claimant's credibility] are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Burrell*, 775 F.3d at 1138 (quoting *Lester v. Chater*, 81 F.3d 821, 834) (9th Cir. 1995)). The ALJ's findings "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell v. Sullivan*, 947 F.2d 345-46 (9th Cir. 1991) (en banc)).

Factors the ALJ may consider when making such determinations include the objective medical evidence, the claimant's treatment history, the claimant's daily activities, and inconsistencies in testimony. *See Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014); *Tommasetti,* 533 F.3d at 1039; *see generally* 20 C.F.R. §§ 404.1529(a), 416.929(a) (explaining how pain and other symptoms are evaluated). "When evidence reasonably supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its] judgment for that of the ALJ." *Batson*, 359 F.3d at 1196.

Here, Plaintiff alleged that he was disabled because of bilateral cubital tunnel syndrome, carpel tunnel syndrome, bilateral tendonitis, right hip joint pain, crepitus of the right knee, osteoarthritis, and chronic lower back pain. (AR 62-63.) He also claimed that these disabilities precluded him from working as he experienced numbness, could not lift more than five pounds, could not walk for more than ten minutes, sit for more than fifteen minutes, or stand for more than twenty minutes.

(AR 66-68.) Plaintiff further testified he could not crouch, kneel or climb up stairs. (AR 69.)

The ALJ found that Plaintiff's allegations regarding pain and his ability to work based were not entitled to full weight. (AR 40.) As support for that conclusion, the ALJ relied on a number of instances of "inconsistencies in [Plaintiff's] statements and actions," as well as the lack of supporting objective evidence. (ECF No. 40.)

First, in contrast to his claim of complete disability, Plaintiff reported, "feeling well at times," and "treating sources have repeatedly described the claimant as "well appearing," and noted that Plaintiff walked well. (AR 40.). In addition, the ALJ pointed to portions of the record that showed Plaintiff "exercising on a regular basis at a moderate level." (AR 40.) That his doctors may have recommended this exercise does not alter the fact that having an ability to exercise at a moderate level is inconsistent with the severity of symptoms and limitations claimed by Plaintiff. *See Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010).

Second, the ALJ set out inconsistencies in the record regarding Plaintiff's statement of his work history. At the administrative hearing, Plaintiff testified that he had not worked at all since November 2012. (AR 59-60.) The ALJ, however, pointed to record evidence that showed Plaintiff had earned $500 for work performed in the third quarter of 2015. (AR 60, 274.) The ALJ further cited an October 2015 phone conversation in which Plaintiff's wife told his doctor that Plaintiff was at work. (AR 60, 1646.)

Third, the ALJ considered Plaintiff's language capabilities and determined that Plaintiff was inconsistent in how he represented his ability to speak and understand English. (AR 40-41.) Medical reports indicated Plaintiff "utilize[d] his English language skills" without the aid of an interpreter to interact with his treating sources. (AR 41.) On the other hand, Plaintiff expressed a need for an interpreter during legal proceedings and claimed that he had failed a citizenship test due to lack of English skills. (AR 40-41, 52 64-65, 1637.)

Although the above evidence could be subject to more than one interpretation, substantial evidence supports the ALJ's findings, and these multiple inconsistencies are specific, clear and convincing reasons for the adverse credibility determination that must be upheld. *See Bray*, 554 F.3d at 1227; *Burch v Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005).

Finally, the ALJ referred to his discussion of the objective evidence and found that "[t]here simply is not enough consistent medical evidence demonstrating the intensity, persistence and limiting effects of the claimant's alleged symptoms." (AR 40.) So long as it was not the sole basis for her credibility determination, the ALJ was entitled to rely upon the lack of objective medical evidence to discredit Plaintiff's subjective complaints. *See Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); *Rollins*, 261 F.3d at 857 ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."); *Morgan,* 169 F.3d at 600 (conflicts between a claimant's testimony and the objective medical evidence in the record can undermine a claimant's credibility). Moreover, given the other sufficient reasons given by the ALJ, any error in reliance on the lack of supporting objective would be harmless to the adverse credibility determination. *See Molina*, 674 F.3d at 1115 (where one or more reasons supporting ALJ's credibility analysis are invalid, error is harmless if ALJ provided other valid reasons supported by the record); *Batson*, 359 F.3d at 1197 (even if the record did not support one of the ALJ's stated reasons for disbelieving a claimant's testimony, the error was harmless where ALJ provided other valid bases for credibility determination).

* * * * *

Accordingly, IT IS ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED: 7/16/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE